UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 6:21-CR-19-REW-HAI-2 |
| v. | ) |
| | ) ORDER |
| JEFFREY L. GHENT, | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 157 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Jeffrey L. Ghent's guilty plea and adjudge him guilty of Count One and the forfeiture allegation of the Superseding Indictment (DE 86). *See* DE 158 (Recommendation); *see also* DE 156 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 156 at 3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 158, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One of the Superseding Indictment (DE 86);

2. The Court **CANCELS** the jury trial in this matter as to this defendant only;

3. Further, per Judge Ingram's unopposed recommendation and Defendant's agreement (DE 156 at 4, ¶ 10), the Court provisionally **FINDS** that the property identified in the operative indictment (DE 86 at 4) and Plea Agreement is forfeitable, under 21 U.S.C. § 853 and Rule 32.2, and that Defendant has an interest in such property. The Court finds that the agreed amount of proceeds, bearing a proper nexus, and fulfilling the requisites of substitute property, reflected in a money judgment of $150,000,[1] is preliminarily forfeited. The Court will further address forfeiture at sentencing, per Rule 32.2. *See id.* at (b)(4)(B). The United States may tender a separate preliminary forfeiture document if it believes one is necessary to effectuate the intended relief; and

4. The Court will issue a separate sentencing order.[2]

This the 4th day of February, 2022.



Signed By:
*Robert E. Wier*
**United States District Judge**

---

[1] The United States addresses the requisite findings for imposition of substitute property forfeiture under 21 U.S.C. § 853(p), and the Court accepts this as adequate and accurate. *See id.*
[2] At the hearing, Judge Ingram ordered Defendant Ghent remanded to the custody of the United States Marshals Service. DE 157 at 2. The Court, with no objections, thus sees no need to address detention at this time, and Ghent shall remain in custody pending sentencing.

2